Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 EMPLOYEE BENEFIT FUNDS, | Civil Action No. 16-1655 (ES) (JAD) |
| Petitioners, | MEMORANDUM |
| v. | |
| HARLOW CONTRACTING INC., | |
| Respondent. | |

**SALAS, DISTRICT JUDGE**

On March 24, 2016, Petitioners Trustees of the International Union of Operating Engineers Local 825 Employee Benefit Funds ("Petitioners") filed a petition before this Court to confirm a default arbitration award. (*See* D.E. Nos. 1 & 1-4). That default arbitration award issued on September 21, 2015 against Respondent Harlow Contracting Inc. ("Respondent"). (D.E. No. 1-4).

On April 18, 2016, upon an unopposed motion by Petitioners (D.E. No. 2), this Court entered an Order confirming the arbitration award (D.E. No. 4).[1] Accordingly, the Court entered a judgment of $48,994.27 against Respondent. (D.E. No. 4).

On October 6, 2016, Respondent provided a submission "pursuant to Rule 60 of Civil Procedure, for a Motion to Vacate Default Judgment entered by this Court on April 18th, 2016." (D.E. No. 5 at 1). Although Respondent's motion is styled—at least in part—as one to vacate

---

[1] Although the proposed order submitted by Petitioners stated that the default arbitration award was issued by the Hon. John W. Bissell (D.E. No. 2-2), the award was, in fact, issued by the Hon. Joel A. Pisano (D.E. No. 1-4).

- 1 -

default judgment, the Court has not entered judgment by default. Instead, it appears that Respondent's motion is intended to be one under Federal Rule of Civil Procedure 60(b)(1) for vacatur of the Court's April 18, 2016 Order for "mistake, inadvertence, surprise, or excusable neglect." (*See, e.g.*, D.E. No. 5-2 ("The Respondent moves pursuant to Rule of Civil Procedure 60 requesting relief from an Order or Judgment due to mistake, inadvertence or neglect.")).[2] Petitioners oppose Respondent's motion. (D.E. No. 7).

The Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). The Court writes primarily for the parties and provides its disposition in this Memorandum in summary fashion. For the reasons below, Respondent's motion is GRANTED and the Court's April 18, 2016 Order is VACATED.

**1. Background.** On March 4, 2015, Petitioners sent Respondent a "First Notice of Delinquency" for allegedly failing to make the required contributions for the period between December 2, 2009 and June 1, 2010. (D.E. No. 7-4). On April 23, 2015, Petitioners sent Respondent a "Second Notice of Delinquency" for allegedly failing to make the required contributions for the same timeframe. (D.E. No. 7-5). Petitioners have provided a certification that Respondent failed to respond to either of these notices. (D.E. No. 7 ¶¶ 16-17).

On September 1, 2015, Petitioners issued an arbitration demand on Respondent. (D.E. No. 7-6). This demand stated, among other things, that an arbitration hearing was scheduled for September 21, 2015 at a location in New Jersey. (*Id.*). By September 9, 2015, as evidenced by a certified mail receipt, Respondent received the arbitration demand. (D.E. No. 7-7).

---

[2] (*See also* D.E. No. 5-1 ¶ 15 ("I believe that there was excusable mistake or neglect on my part for not appearing at the hearing on September 21st, 2015.")). Motions seeking vacatur of a district court's order confirming an arbitration award appear properly made under Federal Rule of Civil Procedure 60. *See, e.g.*, *N.J. Bldg. Constr. Laborers Dist. Council v. Robert DeForest Demolition Co.*, No. 11-7561, 2012 WL 5304700, at *1 (D.N.J. Oct. 25, 2012).

On September 17, 2015, however, an "Assignment of Claim" was executed whereby Respondent assigned to Petitioners its right for certain sums due to Respondent from a third party. (*See* D.E. No. 5-5). The owner and principal of Respondent, Albert Harlow ("Harlow"), certifies that the executed assignment "was delivered to the Petitioners['] Attorney's" office "on September 18th at 12:50 p.m." (D.E. No. 5-1 ¶ 13). His certification also provides a tracking number. (*Id.*).

Importantly, Harlow certifies that he did not appear at the September 21, 2015 arbitration hearing[3] because he believed that the assignment resolved the matter between Respondent and Petitioners. (*Id.* ¶ 14). Accordingly, he did not believe that the hearing "would go forward as [they] had resolved the dispute by contract." (*Id.* ¶ 15).

In fact, on September 21, 2015, an arbitration hearing proceeded, Respondent failed to appear, and the arbitrator issued a default arbitration award. (D.E. No. 7 ¶¶ 19-20; *see also* D.E. No. 1-4 ("There was no appearance on behalf of the Respondent, nor was good cause show as to why this matter should not proceed. Under these circumstances, the Respondent's non-appearance is considered by the [arbitrator] to be intentional and a default award is in order.")).

Petitioners argue—and the Court agrees—that the only basis for vacatur that Respondent advances is under Federal Rule of Civil Procedure 60(b)(1). (*See* D.E. No. 7 ¶ 23). To that extent, Petitioners argue that there "can be no mistake that it is the Respondent's sole responsibility to satisfy the amounts owed under the Judgment, and that the Respondent has failed to do so." (*Id.* ¶ 24). Further, Petitioners assert that "the only relevant neglect has been the Respondent's ongoing neglect to pay the amounts owed pursuant to the Judgment." (*Id.*).

---

[3]  Although Harlow references a "[m]ediation hearing" in his certification (*see, e.g.*, D.E. No. 5-1 ¶ 14), it is apparent from the totality of his certification that he is referring to the September 21, 2015 arbitration hearing.

Notably, Petitioners argue that the execution of the assignment did not settle the matter between Petitioners and Respondent. (*Id.* ¶ 25). They contend that the assignment "provides one possible method of collecting the underlying delinquency owed by the Respondent" and, unless the assignment results in payment equal to the full delinquency amount, the assignment "is wholly irrelevant and inconsequential to the status of the Judgment and underlying arbitration Award against the Respondent." (*Id.*).

**2. Legal Standard.** "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). "The test for 'excusable neglect' is equitable, and requires us to weigh the totality of the circumstances." *Nara v. Frank*, 488 F.3d 187, 193-94 (3d Cir. 2007) (citation and internal quotation marks omitted). "In particular, we consider 1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay—and whether it was within the movant's control; and 4) whether the movant acted in good faith." *Id.* at 194 (citation omitted).

**3. Discussion.** Considering the totality of the circumstances and the four factors relevant under Rule 60(b)(1), the Court finds that the facts require relief from the Court's April 18, 2016 Order confirming the default arbitration award. Petitioners cite no prejudice in granting such relief. Likewise, Petitioners do not rely on delay in opposing Respondent's motion. Rather, they appear to contest that there could be any mistake or neglect. (*See* D.E. No. 7 ¶¶ 24-27).

But the Court finds the following revealing. *First*, as noted, there is evidence that Respondent received the arbitration demand as of September 9, 2015. (D.E. No. 7-7). Indeed, Harlow does not contest knowledge about the hearing; in fact, he was responsive by signing the certified mail receipt. (*See id.*). *Second*, between September 9, 2015 (i.e., the date by which

Respondent received Petitioners' arbitration demand) and September 21, 2015 (i.e., the date of the arbitration hearing), there was an intervening event: the execution of the assignment. Although Petitioners may be correct that the assignment is not a settlement between the parties, that is not the issue here. Rather, it seems plausible—from reviewing the assignment itself (*see* D.E. No. 5-5) and Respondent's certification (*see* D.E. No. 5-1 ¶¶ 12-15)—that Harlow believed the assignment settled the matter between Petitioners and Respondent. Although Harlow could have confirmed whether the September 21, 2015 arbitration hearing was adjourned, the Court declines to find bad faith under these circumstances.

Accordingly, the Court finds that Rule 60(b)(1) warrants vacatur of the Court's April 18, 2016 Order confirming the September 21, 2015 default arbitration award. An appropriate Order accompanies this Memorandum.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**